IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| BELLSOUTH TELECOMMUNICATIONS, INC.<br><br>Plaintiff,<br><br>v.<br><br>INTERMEDIA COMMUNICATIONS, INC.; THE FLORIDA PUBLIC SERVICE COMMISSION; E. LEON JACOBS, JR., in his Official capacity as Chairman of the Florida Public Service Commission; J. TERRY DEASON, in his Official capacity as Commissioner of the Florida Public Service Commission; LILA A. JABER, in her Official capacity as Commissioner of the Florida Public Service Commission; BRAULIO L. BAEZ, in his Official capacity as Commissioner of the Florida Public Service Commission; and MICHAEL A. PALECKI, in his Official capacity as Commissioner of the Florida Public Service Commission;<br><br>Defendants. | Civil Action No. 4:01cv186-WS<br><br>Entire document not scanned |

**COMPLAINT**

ATTACHMENT
Filed in Separate Folder
(PLDG. # _____)

01 MAY 24 AM 8:03

ADORNO & ZEDER, P.A.
2601 SOUTH BAYSHORE DRIVE • SUITE 1600 • MIAMI, FLORIDA 33133 • TELEPHONE (305)858-5555 • TELEFAX 858-4777

*BellSouth v. Intermedia, et al.*                                         Civil Action No. _____

## Nature of the Action

1. Plaintiff BellSouth Telecommunications, Inc. ("BellSouth") brings this action seeking relief from a decision of the Florida Public Service Commission ("PSC") that is contrary to federal law.

2. This case involves a decision of the PSC arbitrating the terms of an interconnection agreement between BellSouth and defendant Intermedia Communications, Inc. ("Intermedia"). BellSouth and Intermedia are telecommunications carriers that are authorized to provide competing local telephone services in Florida. The federal Telecommunications Act of 1996 (the "1996 Act") imposes various duties on incumbent local telephone companies like BellSouth; these duties are implemented through state-supervised interconnection agreements such as the one at issue here.

3. At issue here is an interconnection agreement provision pertaining to "reciprocal compensation." Section 251(b) of the 1996 Act requires competing local telephone companies to pay reciprocal compensation for certain calls that originate on one carrier's network but terminate on the other carrier's network. *See* 47 U.S.C. § 251(b)(5).

4. The Federal Communications Commission ("FCC") has conclusively held that calls routed to the Internet through an Internet service provider ("ISP") are not subject to "reciprocal compensation" arrangements. Under binding federal law, therefore, BellSouth

*BellSouth v. Intermedia, et al.*                                                *Civil Action No.* _____

has no obligation to pay reciprocal compensation when it hands off Internet calls to competing companies (or vice versa).

5. In conflict with the FCC's determination, the PSC has ordered BellSouth to pay reciprocal compensation on ISP-bound calls that originate on BellSouth's network, are passed to Intermedia, and that Intermedia then hands off to its ISP customers for completion. That decision is based on a misunderstanding of federal law and violates the 1996 Act. For that reason, and because the PSC's decision is arbitrary and capricious, inconsistent with the agency record, beyond the scope of its jurisdiction, and results from a failure to engage in reasoned decision making, it should be reversed.

**Parties, Jurisdiction, and Venue**

6. Plaintiff BellSouth is a Georgia corporation with its principal place of business in Georgia. BellSouth provides local telephone service throughout much of the State of Florida, and it is a Local Exchange Carrier under the 1996 Act.

7. Defendant Intermedia is a Delaware corporation with a principal place of business in Florida. On information and belief, Intermedia is a common carrier that is authorized to provide local telephone service in Florida and is a Local Exchange Carrier under the 1996 Act.

*BellSouth v. Intermedia, et al.*                                       Civil Action No. _____

8. Defendant PSC is an agency of the State of Florida. The PSC is a "State commission" within the meaning of the 1996 Act.

9. Defendant E. Leon Jacobs, Jr. is Chairman of the PSC. Chairman Jacobs is sued in his official capacity for declaratory and injunctive relief only.

10. Defendant J. Terry Deason is a Commissioner of the PSC. Commissioner Deason is sued in his official capacity for declaratory and injunctive relief only.

11. Defendant Lila A. Jaber is a Commissioner of the PSC. Commissioner Jaber is sued in her official capacity for declaratory and injunctive relief only.

12. Defendant Braulio L. Baez is a Commissioner of the PSC. Commissioner Baez is sued in his official capacity for declaratory and injunctive relief only.

13. Defendant Michael A. Palecki is a Commissioner of the PSC. Commissioner Palecki is sued in his official capacity for declaratory and injunctive relief only.

14. This Court has subject matter jurisdiction over the action pursuant to the judicial review provision of the 1996 Act, 47 U.S.C. § 252(e)(6), and pursuant to 28 U.S.C. § 1331.

15. Venue is proper in this district under 28 U.S.C. § 1391. Venue is proper under section 1391(b)(1) because the Commission resides in this District. Venue is proper under section 1391(b)(2) because a substantial part of the events giving rise to this action occurred in this District, in which the PSC sits.

*BellSouth v. Intermedia, et al.*                                                    Civil Action No. _____

## Reciprocal Compensation Under the 1996 Act

16. The 1996 Act imposes certain obligations on incumbent local telephone companies to encourage competition in local markets. One of the obligations placed on incumbent carriers is the duty to "interconnect[]" their facilities with those of new entrants into the local telephone market, known as competing local exchange carriers or "CLECs." *See* 47 U.S.C. § 251(c)(2). Interconnection allows subscribers to a CLEC's service to make calls to, and receive calls from, subscribers to an incumbent's service.

17. Closely related to this interconnection obligation is the 1996 Act's requirement that all local telephone companies "establish reciprocal compensation arrangements for the transport and termination of telecommunications." 47 U.S.C. § 251(b)(5).

18. The FCC held in 1999 that calls made to ISPs are interstate communications that are not subject to the 1996 Act's reciprocal compensation requirements. *See* Declaratory Ruling and Notice of Proposed Rulemaking, *Implementation of the Local Competition Provisions in the Telecommunications Act of 1996; Inter-Carrier Compensation for ISP-Bound Traffic*, 14 FCC Rcd 3689, 3697-99, ¶¶ 12-13, 3706, ¶ 26 n.87 (1999) ("*ISP Declaratory Ruling*").

19. The FCC's *ISP Declaratory Ruling* was subsequently vacated and remanded by the United States Court of Appeals for the District of Columbia Circuit. *See Bell Atlantic Tel. Cos. v. FCC*, 206 F.3d 1 (D.C. Cir. 2000). Significantly, the court took this action *not*

*BellSouth v. Intermedia, et al.*                                          Civil Action No. _____

because the *ISP Declaratory Ruling* was substantively incorrect, but rather because the court wished the FCC to provide a more complete explanation for its conclusion that Internet-bound traffic was not subject to reciprocal compensation under section 251(b)(5). *See id.* at 8-9.

20. On April 27, 2001, the FCC provided just such an explanation. *See* Order on Remand and Report and Order, *Implementation of the Local Competition Provisions in the Telecommunications Act of 1996; Intercarrier Compensation for ISP-Bound Traffic*, CC Docket Nos. 96-98 & 99-68, FCC 01-131 (rel. Apr. 27, 2001) ("*ISP Remand Order*"). There, the FCC confirmed that traffic bound for the Internet is interstate traffic, *see id.* ¶ 44 & n.82, and that such traffic is *not* "subject to reciprocal compensation" under the 1996 Act, *id.* ¶ 1.

### PSC Proceedings Under Review

21. On or about July 1, 1996, BellSouth and Intermedia entered into an interconnection agreement pursuant to the 1996 Act. That agreement required both parties to pay reciprocal compensation for the termination of traffic within a local calling area, not for interstate traffic. *See* Agreement Between BellSouth Telecommunications, Inc. and Intermedia Communications, Inc. ¶ 4A, B (July 1, 1996). Notwithstanding the fact that the FCC had definitively concluded that ISP-bound traffic was *not* subject to reciprocal compensation, the PSC subsequently interpreted that agreement to require the payment of reciprocal compensation for such traffic. *See* Final Order Resolving Complaints, *WorldCom*

*BellSouth v. Intermedia, et al.*                                                         Civil Action No. _____

*Technologies, Inc., et al. v. BellSouth Telecommunications Inc.*, Docket No. 971478-TP, Order No. PSC-98-1216-FOF-TP (Fla. Pub. Serv. Comm'n Sept. 15, 1998).

22. The BellSouth/Intermedia agreement expired by its terms on July 1, 1998. The parties mutually agreed to extend the term, however, until December 31, 1999, during which time they attempted to negotiate a successor agreement.

23. Those negotiations were only partially successful. Accordingly, in late 1999 and early 2000, BellSouth and Intermedia filed cross-petitions with the PSC seeking arbitration of a number of open issues. Among those issues was Intermedia's claim that it was entitled to reciprocal compensation payments for ISP-bound traffic.

24. On August 22, 2000 -- after the D.C. Circuit had vacated the *ISP Declaratory Ruling*, but before the FCC had issued its *ISP Remand Order* -- the PSC issued a decision resolving the reciprocal compensation issue as well as other open issues. *See* Final Order on Arbitration, *Petition of BellSouth Telecommunications, Inc. for Section 252(b) Arbitration of Interconnection Agreement with Intermedia Communications, Inc.*, Docket No. 991854-TP, Order No. PSC-00-1519-FOF-TP (Fla. Pub. Serv. Comm'n Aug. 22, 2000) ("*Final Order*") (attached as Exh. A).

25. With respect to the question of reciprocal compensation, the *Final Order* had two prongs. First, recognizing that the FCC was at that point considering the question of reciprocal compensation for Internet-bound traffic, the PSC held that, once the FCC issued

Adorno & Zeder, P.A.
2601 South Bayshore Drive • Suite 1600 • Miami, Florida 33133 • Telephone (305)858-5555 • Telefax 858-4777

*BellSouth v. Intermedia, et al.*                                                                                          Civil Action No. _____

an order on remand, that order would govern the relationship between the parties. *See id.* at 9. Second, the PSC determined that, "until the FCC issues its final ruling," the parties should "continue to operate under the terms" of their previous, expired interconnection agreement. *Id.*

26. Although the first prong of the PSC's order properly deferred final resolution of the reciprocal compensation issue to the FCC's *ISP Remand Order*, the PSC's interim holding -- requiring BellSouth and Intermedia to abide by the terms of their prior interconnection agreement until the date of the FCC order -- is unlawful. As interpreted by the PSC, the prior agreement requires BellSouth to pay Intermedia reciprocal compensation for ISP-bound traffic. Even if BellSouth had agreed to that result in the prior agreement (which it did not), the PSC lacked authority to mandate that outcome in its arbitration of the successor agreement. Under the FCC's binding interpretation of the 1996 Act, Internet-bound traffic is *not* subject to reciprocal compensation payments; indeed, it is entirely outside the scope of sections 251 and 252. Such traffic falls within the exclusive jurisdiction of the FCC. *See* 47 U.S.C. § 201. Accordingly, the PSC's order, and its assertion of jurisdiction to arbitrate this dispute, is contrary to federal law.

27. On October 4, 2000, the parties submitted to the PSC a signed agreement embodying the terms of the *Final Order*. The PSC effectively approved that agreement on April 24, 2001, when it disposed of a pending motion for reconsideration on a separate issue and ordered that "this Docket shall be closed." *See* Order on Motion for Reconsideration,

*BellSouth v. Intermedia, et al.*                                    Civil Action No. _____

*Petition of BellSouth Telecommunications, Inc. for Section 252(b) Arbitration of Interconnection with Intermedia Communications, Inc.*, Docket No. 991854-TP, Order No. PSC-01-1015-FOF-TP, at 12 (Fla. Pub. Serv. Comm'n Apr. 24, 2001) (attached as Exh. B).

## CLAIM

28. BellSouth incorporates paragraphs 1-27 of this complaint as if set forth completely herein.

29. The PSC's determination to require BellSouth to pay reciprocal compensation on ISP-bound traffic is inconsistent with the 1996 Act and implementing FCC determinations and violates established principles of law. The PSC's decision is also arbitrary and capricious, inconsistent with the evidence presented to the PSC, beyond its jurisdiction, and results from a failure to engage in reasoned decision-making.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff BellSouth prays that the Court enter an order:

1. Declaring that the PSC's decision is unlawful.

2. Enjoining all the Defendants, and all parties acting in concert therewith, from seeking to enforce that unlawful decision against BellSouth, and enjoining Intermedia to return any moneys unlawfully received as a result of that order.

BellSouth v. Intermedia, et al.                                      Civil Action No. _____

    3. Granting BellSouth such further relief as the Court may deem just and reasonable.

                                            Respectfully submitted,

NANCY WHITE
BELLSOUTH TELECOMMUNICATIONS, INC.
150 South Monroe Street, Suite 400
Tallahassee, Florida 32301
(305) 347-5558

JON ZEDER
RAOUL G. CANTERO, III
ADORNO & ZEDER, P.A,
2601 South Bayshore Drive, Suite 1600
Miami, Florida 33133
(305) 858-5555

MICHAEL K. KELLOGG
SEAN A. LEV
COLIN S. STRETCH
KELLOGG, HUBER, HANSEN, TODD
   & EVANS, P.L.L.C.
Sumner Square
1615 M Street, N.W., Suite 400
Washington, D.C. 20036
(202) 326-7900

*Counsel for BellSouth Telecommunications, Inc.*

May ___, 2001